Marjorie L. Hauf, Esq.
Nevada Bar No.: 8111
Matthew G. Pfau, Esq.
Nevada Bar No.: 11439
Bre'Ahn Williams, Esq.
Nevada Bar No. 15672
H&P LAW
8950 W Tropicana Ave., #1
Las Vegas, NV 89147
702 598 4529 TEL
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANGELO EROLES,<br><br>   Plaintiff,<br><br>vs.<br><br>BIOLIFE PLASMA LLC, A FOREIGN LIMITED LIABILITY COMPANY; BIOLIFE PLASMA SERVICES LP, A FOREIGN LIMITED PARTNERSHIP; TAKEDA PHARMACEUTICALS AMERICA, INC., A FOREIGN CORPORATION; EMPLOYEE DOE; DOES I THROUGH X; AND ROE CORPORATIONS I THROUGH X, INCLUSIVE<br><br>   Defendant. | Case No.: 2:21-cv-01163-GMN-BNW<br><br><br>**Plaintiff's Motion to Amend Complaint** |

COMES NOW, Petitioner, Angelo Eroles, by and through his counsel at the law firm of H&P Law, and hereby files this Motion to Amend. This Motion is based upon the papers and pleadings on file herein, the attached Memorandum of Points and

Authorities, and any oral argument entertained by the Court on this matter.

DATED this 23rd day of August 2021.

                                H&P LAW

                                */s/ Marjorie Hauf*
                                _____
                                Marjorie L. Hauf, Esq.
                                Nevada Bar No.: 8111
                                Matthew G. Pfau, Esq.
                                Nevada Bar No.: 11439
                                Bre'Ahn Williams, Esq.
                                Nevada Bar No. 15672

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    FACTUAL BACKGROUND**

On or about July 12, 2020, Plaintiff visited Biolife Plasma Services, L.P., in order to donate Plasma. Plaintiff presented his left arm to the Biolife representative, who set everything up to remove the plasma and entered into Plaintiff's left arm with the needle. Plaintiff immediately felt an excruciating pulse of pain going from his arm through his thumb.

Plasma then shot out of the tube and needle. The employee commented that that was "odd" and proceeded to move the needle around and left the needle inserted in his arm for a while. Plaintiff was the told that a vein in his left arm was "clipped" and he should ice it and it would resolve within two days. As a result of the incident Plaintiff suffered severe injuries.

On October 12, 2020, Marjorie Hauf, Esq., on behalf of Plaintiff contacted Biolife to confirm representation and to request all evidence regarding the incident including the incident report, names and identities of the phlebotomists or employees involved, video or surveillance footage and records. The facility did not

provide this information and instead responded by requesting HIPAA Complaint Authorization. Despite the fact that Plaintiff provided an authorization, Plaintiff's request for documents went ignored.

On March 17, 2021, Plaintiff filed a petition to Perpetuate Testimony by Deposition Before Action. This state court granted the petition, without requiring a hearing. On April 2, 2021, BioLife Plasma Services, L.P., filed their Motion for Reconsideration of Order granting Plaintiff's Petition to Perpetuate testimony by Deposition Before Action.

While the motion for reconsideration was pending, on April 16, 2021, Plaintiff visited BioLife Plasma Services, located at 2882 S. Maryland Pkwy, Las Vegas, NV 89109, to personally request any and all records pertaining to his incident that occurred on July 12, 2020. Not only did the employees refuse to provide Plaintiff with any documentation, but they also called the manager on him. When the manager appeared, Plaintiff realized that this was the manager who had incorrectly withdrawn the blood from his arm on July 12, 2020. As such, Plaintiff requested that the manager provide his name, and the manager refused.

On April 16, 2021, Raimundo Leon, M.D.'s office, Plaintiff's treating physician, contacted BioLife Plasma Services to again request any and all records pertaining to his incident that occurred on July 12, 2020. From April 16, 2021, through April 21, 2021, Dr. Leon's office made repeated attempts to contact BioLife Plasma Services to request these records, but their efforts were unsuccessful.

On May 19, 2021, after repeated efforts to obtain information regarding the identity of Defendant Employee Doe, Plaintiff filed his Complaint in Eighth Judicial District Court in and for the State of Nevada, County of Clark.

On June 8, 2021, Plaintiff's Counsel and Defendants' Counsel participated in a telephone conference to discuss this matter. During the call, Defendants' Counsel requested that Plaintiff dismiss Defendant Employee Doe, on the grounds that his employer would be accepting responsibility for his actions. Defendants Counsel did

not however provide this person's identity. Based on the fact that Plaintiff has been repeatedly denied this information, Plaintiff did not see it appropriate and felt that it would be highly prejudicial to dismiss Defendant Employee Doe, without knowing the identity of this person.

On June 9, 2021, Defendant's Motion for Reconsideration of Order Granting Plaintiff's Petition to Perpetuate Testimony by Deposition Before Action was granted. The Court vacated the Order Granting Plaintiff's Petition to Perpetuate Testimony by Deposition Before Action, thereby further preventing Plaintiff from obtaining information regarding the identity of Defendant Employee Doe.

On June 18, 2021, Defendant Biolife Plasma Services, L.P. filed a Petition for Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Defendants Biolife Plasma, LLC and Takeda Pharmaceuticals America Inc.'s filed Joinders thereto. On that same day, Defendants Biolife Plasma Services, L.P., Biolife Plasma, LLC and Takeda Pharmaceuticals America Inc. each also filed a certificate of interested parties. None of the certificates of interested parties mentioned Defendant Employee Doe and a certificate of interested parties was not filed by Defendant Employee Doe.

On July 13, 2021, the parties participated in a FRCP 26(f) conference. On July 19, 2021, the parties filed a stipulated proposed discovery plan and scheduling order. The discovery plan and scheduling order was signed by this Court on July 21, 2021.

On July 27, 2021, Defendants served their Initial Disclosures. For the first time, Defendants identified Mr. Adam Green as a witness. In their disclosure, Defendants identified Adam Green as follows:

> c. Adam Green, Center Manager, BioLife Plasma Services L.P. c/o Worthe Hanson & Worthe, 1851 East First Street, Suite 860, Santa Ana, CA 92705 (714) 285-9600. Percipient witness.

Defendant also listed other witnesses in their disclosure who were former employees of BioLife and specifically identified that those employees no longer

worked for BioLife. For Adam Green however, they did not.[1]

On July 28, 2021, Plaintiff forwarded Defendants a draft of a stipulation and order to amend his complaint to replace Defendant Employee Doe with Adam Green. Plaintiff also provided a draft of his amended complaint.[2]

On August 5, 2021, Defendants responded and stated that they had not forgotten about the stipulation and order and would provide a response the following day.

On August 11, 2021, after not hearing from Defendants' counsel, Plaintiff's counsel followed up via email regarding the stipulation and order. Defendants' counsel responded and stated that he would give Plaintiff's counsel a call the following day. Currently, the stipulation has not been executed.

## II.   LEGAL STANDARD

Pursuant to FRCP 15, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. A party has the right to amend its pleading to change the name of a party defendant.[3] Changing the name of a Doe Defendant to a named defendant is not an action to add a party.[4] When the Doe procedure is used properly, amendment stating the name is the type of matter contemplated by the rules of this court.[5]

---

[1] See Defendants' Initial Disclosures, attached hereto as Exhibit 1.
[2] See Correspondence dated July 28, 2021, attached hereto as Exhibit 2.
[3] Hill v. Summa Corp., 90 Nev. 79, 79, 518 P.2d 1094, 1094, 1974 Nev. LEXIS 317, *1
[4] Id.
[5] Id.

### III.   LEGAL ARGUMENT

**A.  Plaintiff should be permitted to amend his Complaint to add Adam Green.**

   **1.  Plaintiff filed his Complaint properly under NRCP 10(d).**

Plaintiff's Complaint was filed in state court pursuant to the provisions outlined in NRCP 10(d). NRCP 10(d) states that if the name of a defendant is unknown to the pleader, the defendant may be designated by any name. When the defendant's true name is discovered, the pleader should promptly substitute the actual defendant for a fictitious party.[6] At the time of filing, despite Plaintiff's best efforts, the identity of Defendant Employee Doe was concealed. Plaintiff then filed his Complaint in state court, with the intent to amend to substitute the actual Defendant with Defendant Employee Doe as soon as the identity of Defendant Doe was discovered. While the removal of this action seemingly affected this process, it does not negate the fact that Plaintiff is entitled to amend his Complaint to substitute the fictitious party named in this matter. Adam Green has been identified as the true identity of Defendant Employee Doe. Plaintiff has properly protected his right to name the employee who was originally fictitiously identified.  As such, Plaintiff filed his Complaint correctly under NRCP 10(d) and should now be allowed to amend.

   **2.  Justice requires that Plaintiff be permitted to amend his Complaint.**

Pursuant to FRCP 15, "a party may amend its pleading only with…the court's leave. The court should freely give leave when justice so requires." At the time Plaintiff filed his Complaint, he did not know the identity of Defendant Employee Doe and therefore could not add him as a Defendant to this case from the start. Despite this, Plaintiff performed extreme due diligence to identify this information prior to filing

---

[6] NRCP 10.

his complaint. It was not until initial disclosures, that was Plaintiff able to finally identify Adam Green as Defendant Employee Doe.

Justice and judicial efficiency require allowing Plaintiff to amend his Complaint to substitute Defendant Employee Doe for Adam Green. Currently, the deadline to amend the pleadings and/or add parties is set for December 16, 2021. As the deadline to amend the pleadings and/or add parties has not yet passed, this motion is timely filed and justice requires that it be granted.

Lastly, and possibly most importantly, it must be noted that once Adam Green is substituted in this matter, this case will be remanded back to state court as complete diversity will be destroyed. Therefore, justice and judicial efficiency require Plaintiff to amend his Complaint.

## IV.   CONCLUSION

Plaintiff respectfully requests that his Motion to Amend his Complaint to substitute Defendant Employee Doe for Adam Green be granted.

DATED this 23rd day of August 2021.

H&P LAW

/s/ Marjorie Hauf
_____
Marjorie L. Hauf, Esq.
Nevada Bar No.: 8111
Matthew G. Pfau, Esq.
Nevada Bar No.: 11439
Bre'Ahn Williams, Esq.
Nevada Bar No. 15672

**Order**

IT IS ORDERED that ECF No. 24 is GRANTED as unopposed under Local Rule 7-2(d). IT IS FURTHER ORDERED that Plaintiff must file an amended complaint as requested in ECF No. 24 by 9/17/2021.

**IT IS SO ORDERED**
**DATED:** 10:41 am, September 08, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

# CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of August 2021, service of the foregoing **PLAINTIFF'S MOTION TO AMEND COMPLAINT** was made by required electronic service to the following individuals:

__x__ Electronic service through the CM/ECF system

___ U.S. mail

___ Facsimile

___ Hand delivery

John Hanson, Esq.
Worthe, Hanson & Worthe
1851 East First Street, Suite 860
Santa Ana, CA 92705
Facsimile: (714) 285-9700
*Attorney for Defendants,*
*BioLife Plasma Services, LP, BioLife Plasma, L.L.C. and Takeda Pharmaceuticals America, Inc.*

/s/ Bre'Ahn Williams
An Employee of H&P LAW